UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELLA BROWN,

    Plaintiff,

v.

OAKLAND COUNTY,

    Defendant.
_____/

Case No. 14-cv-13159

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT MISIDENTIFIED AS A MOTION *IN LIMINE* [38]; AND STRIKING DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM REQUESTING ECONOMIC DAMAGES AT TRIAL [36]**

### I. INTRODUCTION

On April 22, 2015, Marcella Brown ("Plaintiff") filed a Second Amended Complaint against her former employer, Oakland County ("Defendant"). *See* Dkt. No. 23. In the Second Amended Complaint, Plaintiff raises seven counts alleging that Defendant wrongfully discriminated and retaliated against her on the basis of her age, race, and participation in a protected activity—namely, filing a worker's compensation claim. *Id.* Specifically, Plaintiff asserts that her rights have been violated pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981") (Count I); Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* (Count II); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count III); the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MICH. COMP. LAWS § 37.2102 *et seq.* (Counts IV, V and VII); and the Workers Disability Compensation Act ("WDCA"), MICH. COMP. LAWS § 418.301 et seq. (Count VI). *Id*

Presently before the Court are Defendant's Motion *in Limine* to Preclude Plaintiff from Requesting Economic Damages at Trial [36] and Plaintiff's Motion to Strike Defendant's Second Motion for Summary Judgment Misidentified as a Motion *in Limine* [38]. These Motions are not fully briefed, but were argued at a September 2, 2015 hearing. After listening to the argument of the parties, reviewing the briefs, and reviewing the record, the Court will **GRANT** Plaintiff's Motion to Strike [38] and **STRIKE** Defendant's Motion in Limine [36]. The Court's Opinion and Order is set forth in detail below.

## II. BACKGROUND

Defendant filed its Motion *in Limine* to Preclude Plaintiff from Requesting Economic Damages at Trial [36]. Defendant brought its Motion *in Limine* pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure because it contends "Plaintiff completely failed to provide Defendant with damage calculations or supporting documentation within her Rule 26 Disclosures[.]" Dkt. No. 36 at 19. As a result of Plaintiff's alleged failure to comply with Rule 26 of the Federal Rules of Civil Procedure, Defendant request that this Court "preclude Plaintiff from seeking economic damages at trial." *Id.* at *28.*

Plaintiff filed its Motion to Strike Defendant's Second Motion for Summary Judgment Misidentified as a Motion *in Limine* [38] arguing that "Defendant's motion, while titled a 'Motion *in Limine*,' is in reality a second motion for summary judgment, as it seeks a holding from the Court disallowing Plaintiff to pursue an element of her claims, thus in essence seeking a dispositive ruling on her claims." Dkt. No. 38 at 2. Plaintiff contends that Defendant's Motion *in Limine* must be struck because it is in violation of the Court's local rules, which require leave of court to file more than one motion for summary judgment." *See id.* at 2-3 (citing E.D. Mich. L.R. 7.1(b)(2)). Plaintiff also seeks costs and attorney fees for bringing the Motion. *See id.* at 3.

### III. LEGAL STANDARD

Under appropriate circumstances, motions *in limine* may be used to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See Luce v. United States,* 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The use of motions *in limine* "by the trial court is purely discretionary and generally confined to very specific evidentiary issues of an extremely prejudicial nature." *United States v. Certain Land Situated in City of Detroit, Wayne Cnty., State of Mich.*, 547 F. Supp. 680, 681 (E.D. Mich. 1982) (citing Wright & Graham, Federal Practice and Procedure: Evidence, P 5037).

This Court has found "that motions *in limine* serve the following purposes prior to the commencement of trial:

> [Motions *in Limine*] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (quoting *Figgins v. Advance Am. Cash Advance Centers of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007) (citation omitted). In particular, however, motions *in limine* should not be used as disguised motions for summary judgment. *See Provident Life & Accident Ins. Co. V. Adie,* 176 F .R.D. 246, 250 (E.D. Mich. 1997).

The Sixth Circuit has stated that "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D.

Mich. 2009) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses.") (citation omitted); *Land Situated in City of Detroit*, 547 F. Supp. at 681("Any broad pretrial exclusion of evidence . . . must be approached with great caution."). Thus, throughout this District, "[t]he denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case." *Dunn ex rel. Albery*, 264 F.R.D. at 275 (citation omitted); *see also Oetman v. City of Grand Rapids*, No. 1:07-CV-125, 2009 WL 2242700, at *1 (W.D. Mich. July 22, 2009) (citing *Goldman v. Healthcare Mgt. Sys., Inc.,* 559 F.Supp.2d 853, 873 (W.D. Mich. 2008) to state: "Generally, when a motion in limine does not raise questions about admissibility of evidence or that evidence would be prejudicial, the motion will be denied.").

## IV. DISCUSSION

Defendant is adamant that its "Motion in Limine represents *the appropriate procedural means* to preclude plaintiff from seeking economic damages at trial in light of her failure to comply with disclosure requirements of Federal Rule of Civil Procedure 26(a)." Dkt. No. 40 at 18 (emphasis added). This Court disagrees.

To reiterate, "motions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine." *Dunn ex rel. Albery*, 264 F.R.D. at 274 (citing, *inter alia*, *SPX Corp. v. Bartec USA,* No. 06–14888, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses."); *ABC Beverage Corp. & Subsidiaries v. United States,* No.1:07–cv–051, 2008 WL 5424174, at *2 (W.D. Mich. Dec. 4, 2008) (noting that motions in limine are not "substitutes for dispositive motions"); *Goldman,* 559 F.Supp.2d at 871-72 (collecting cases).

As the late Judge Zatkoff of this District explained before denying a wrongly captioned motion *in limine* that was actually a dispositive motion filed after the dispositive motion deadline, "[a]ll evidence related to [a party's] affirmative defense is *not* a discrete evidentiary issue." *Dunn ex rel. Albery*, 264 F.R.D. at 275. Here, Defendant broadly seeks to exclude *any* particular evidence or documents. Defendant is clear that it seeks to "preclude Plaintiff from seeking economic damages at trial." Dkt. No. 36 at 19. Such a request does not deal with a discrete evidentiary issue. Instead, it seeks to exclude broad categories of evidence, which the Sixth Circuit has emphasized "should rarely be employed[,]" because the "better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v*, 519 F.2d at 712. The Court will follow the Sixth Circuit's guidance.

Defendant next contends that "[p]retrial motions (whether captioned as motions in limine, motions to strike or motions to exclude evidence on the basis that the opposing party failed to comply with disclosure requirements of Fed. R. Civ. P 26(a)), have long been recognized as an appropriate means to limit or prevent the admission of non-disclosed damage evidence at trial." Dkt. No. 40 at 19 (citing, *inter alia*, *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 3400714 (E.D. Mich. July 11, 2014) (Drain, J.); *Goodell v. CitiMortgage, Inc.*, No. 12-12979, 2013 WL 3466969 (E.D. Mich. July 10, 2013) (Ludington, J.); *Aboubaker v. Cnty. of Washtenaw*, No. 11-13001, 2014 WL 793638 (E.D. Mich. Feb. 27, 2014) (Hood, J.); *Kirk v. Bostock*, No. 09-15018, 2012 WL 954716 (E.D. Mich. Mar. 21, 2012) (Hood, J.)); *see also id.* at 18-19 (citing *Gonzalez Prod. Sys*, 2015 WL 4934628, at *2 (Drain, J.), and *Figgins*, 482 F. Supp. 2d at 865 (Lawson, J.), to state the purpose of motions *in limine*). However, these cases do not support Defendant's position that the instant Motion *in Limine* is the appropriate procedural means to preclude plaintiff from seeking economic damages at trial.

As an initial matter, Defendant's implied contention that it is insignificant whether the pretrial motion is captioned as a motion *in limine*, motion to strike, or a motion to exclude evidence on the basis that the opposing party failed to comply with disclosure requirements of Fed. R. Civ. P 26(a) is simply incorrect. As discussed above, Courts throughout this District have explained that motions *in limine* are not interchangeable with other motions. *See Dunn ex rel. Albery*, 264 F.R.D. at 274 (citing, *inter alia*, *SPX Corp. v. Bartec USA,* 2008 WL 3850770, at *3; *ABC Beverage Corp. & Subsidiaries*, 2008 WL 5424174, at *2; *Goldman,* 559 F.Supp.2d at 871-72). Again, motions *in limine* are meant to deal with discrete evidentiary issues related to trial.

Furthermore, "[c]ases cited by [Defendant] in support of [its] motion simply do not apply." Dkt. No. 40 at 21. For example, Defendant cites Judge David M. Lawson's opinion from *Figgins* to state the summary judgment standard. *See* Dkt. No. 40 at 18-19 (citing *Figgins*, 482 F. Supp. 2d at 865). But as Plaintiff aptly notes, in *Figgins*, Judge Lawson denied the employer's motion *in limine* seeking to exclude evidence relating to back pay, front pay and punitive damages because he found that the employer's arguments should have been raised in the employer's summary judgment motion. *See Figgins*, 482 F. Supp. 2d at 870-71.

Other cases cited by Defendant are simply not similar to the case presently before the Court. In *Linear Group Services*, a case before this Court last year, the Court granted the Plaintiff's Motion to preclude monetary damages, but that motion was filed *before* the summary judgment deadline. *See Linear Grp. Servs., LLC*, 2014 WL 3400714. Here, the Motion is *after* the summary judgment deadline. Moreover, as Defendant acknowledges, in *Aboubaker* and *Kirk v. Bostock* before Judge Denise Page Hood, Judge Hood granted motions *in limine* that actually covered discrete evidentiary issues related to trial. *See* Dkt. No. 30 at 19 (citing *Aboubaker v. Cnty. of Washtenaw*, 2014 WL 793638, to note that Judge Hood denied a "motion in limine to

*exclude documents*") (emphasis added); *id.* at 20 (citing *Kirk v. Bostock*, 2012 WL 954716, to note that Judge Hood granted in part "defendant's motion in limine *to limit the scope* of the testimony of Plaintiff's treating physicians[.]") (emphasis added). As discussed above, this case does not deal with discrete evidentiary issues.

The only case that Defendant cites that could help its position is *Goodell v. Citimortgage*, which was before Judge Thomas L. Ludington. No. 12-12979, 2013 WL 3466969 (E.D. Mich. July 10, 2013). However, this Court is not bound by that decision. *See Camreta v. Greene*, 563 U.S. 692, 131 S. Ct. 2020, 2033 n.7, 179 L. Ed. 2d 1118 (2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed.2011) to note: "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Moreover, given the extensive precedent to the contrary, it does not follow that "Goodell *clearly* demonstrates that a pretrial motion to exclude evidence of damages not disclosed as required by Fed. R. Civ. P. 26(a) may properly be brought in a pleading other than a motion for summary judgment." Dkt. No. 40 at 21. To the contrary, the decision to grant or deny a motion *in limine* is within a trial court's discretion. *Land Situated in City of Detroit*, 547 F. Supp. at 681. This Court uses its discretion to emphasize that Defendant's Motion *in Limine* does not represent the appropriate procedural means to preclude Plaintiff from seeking economic damages at trial.

Defendant's Motion *in Limine* makes it readily apparent that the Motion would have been filed as a dispositive motion if the information were provided before the dispositive cut-off date. As plaintiff points out, in this situation, the appropriate course of action would have been to seek leave to file an additional summary judgment motion. *See* Dkt. No. 38 at 2-3 (citing E.D. Mich. L.R. 7.1(b)(2)). This course of action is not only contemplated by the Court's Local Rules, but

also the Federal Rules of Civil Procedure. *Cf.* FED. R. CIV. P. 16(b)(4) (noting that a scheduling order "may be modified only for good cause and with the judge's consent."); *see also Carter v. City of Detroit*, No. 11-15322, 2015 WL 3678433, at *1 (E.D. Mich. June 12, 2015) (quoting *Marie v. Am. Red Cross,* 771 F.3d 344, 366 (6th Cir. 2014), to note that "[d]istrict courts have 'broad discretion under the rules of civil procedure to manage the discovery process and control their dockets.'"); *Enwonwu v. Fulton–Dekalb Hosp. Auth.,* 286 Fed. App'x. 586, 595 (11th Cir. 2008) (noting district courts "enjoy broad discretion in deciding . . . whether to consider untimely motions for summary judgment.") (internal quotations marks and citation omitted).

Plaintiff *may* possibly have "only herself to blame for the timing of this Motion," Dkt. No. 40 at 17, but Defendant *certainly* only has itself to blame for using the improper means to preclude Plaintiff from seeking economic damages. Along the same lines, granting the instant motion to strike despite Plaintiff's alleged failure to provide disclosures pursuant to Rule 26 *might* "reward Plaintiff for allegedly failing to follow the basic dictates of discovery." *Id.* However, allowing Defendant to file a motion *in limine* as a substitute for a dispositive motion *will definitely* subvert the purpose of Motions *in Limine*. *See Figgins*, 482 F. Supp. 2d at 870 (quoting *Provident Life,* 176 F.R.D. at 250); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) ("[A] mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion. Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment.") (citations omitted). Accordingly, the Court will **STRIKE** Defendant's improperly captioned Motion *in Limine*.

## V. CONCLUSION

For the reasons discussed, the Court **HEREBY GRANTS** Plaintiff's Motion to Strike Defendant's Second Motion for Summary Judgment Misidentified as a Motion *in Limine* [38], but will not provide costs and attorney fees.

Additionally, the Court **HEREBY STRIKES** Defendant's Motion *in Limine* to Preclude Plaintiff from Requesting Economic Damages at Trial [36].

IT IS SO ORDERED.

Dated: September 10, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge